UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMUEL REED on his own behalf and on behalf of a class of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| COMMISSIONER OF THE INDIANA DEP'T OF CORRECTION and MEMBERS OF THE INDIANA PAROLE BD., | ) ) ) ) ) ) |
| Defendants. | ) |

No. 1:12-cv-00112-SEB-DML

# Order on Motion to Dismiss (Dkt. 9) and Motion for Class Certification (Dkt. 4)

The plaintiff, Samuel Reed, brought this action on his own behalf and on behalf of a proposed class against the Commissioner of the Indiana Department of Corrections and the members of the Indiana Parole Board (in their official capacities). Briefly put, this action challenges under 42 U.S.C. § 1983 the failure of the defendants to inform parolees before their waiver of preliminary hearing or guilty plea on alleged parole violations that their inability to pay is a complete defense to an allegation that they have failed to comply with a condition of their parole requiring a financial outlay. That failure to inform, the plaintiff alleges, violates procedural due process afforded by the Fourteenth Amendment. He further contends that the arrest and incarceration of parolees solely because they lack the means to comply with a condition of release violates the due process and equal protection clauses of the Fourteenth Amendment. The complaint seeks injunctive relief requiring the defendants to provide this information and enjoining them from arresting or incarcerating persons in those circumstances.

Mr. Reed alleges that he is an Indiana parolee who, as a condition of his parole, must participate in certain programs and testing for which he must pay. He claims that he complied with these conditions until a car accident and resultant loss of employment rendered him indigent and unable to pay for the required programs and testing. Because he was not paying for the required programs, he was sent home and was not permitted to participate. His parole officer later applied for an arrest warrant based on Mr. Reed's alleged violation of the conditions of his parole requiring participation in these programs. He was arrested and jailed. Shortly after his arrest, he was provided with a Notice of Preliminary Hearing on the violation and a form for Waiver of Preliminary Hearing. Neither form explained that the inability to pay for conditions requiring financial outlay was a complete defense to the charge. Mr. Reed waived his right to preliminary hearing and, as of the date the complaint was filed, remained incarcerated pending his parole revocation scheduled for January 26, 2012. He also alleges that had he known that indigency was a defense, he would not have waived preliminary hearing or pleaded guilty to the violation. His complaint alleges that under Indiana law, the time between waiver of preliminary hearing and the final revocation hearing can be as much as sixty days. He alleges that regardless of the outcome of that hearing, he will in the future be subject to the practices challenged in this case.

Although Mr. Reed was incarcerated on the date his complaint was filed, the next day he was found at his revocation hearing not to have violated the terms of his parole, and he was released from incarceration.[1]

---

[1] *See* Dkt. 11 n. 2.

Mr. Reed seeks relief for himself and a proposed class of "[a]ll current and future persons on parole in Indiana who have been or will be charged with violating a condition of their parole requiring a financial outlay but have not yet had a final revocation hearing."

The complaint seeks a declaration that the policies and practices complained of have violated the rights of Mr. Reed and the members of the class. It also asks the court to enter a preliminary injunction, later to be made permanent, enjoining the defendants (1) to inform individuals—prior to their pleading guilty or waiving their right to a preliminary hearing—that the inability to pay is a complete defense to an allegation that they have failed to comply with a condition of their parole requiring a financial outlay and (2) from arresting and/or incarcerating persons who lack the ability to pay on the basis of an allegation that they have failed to comply with a condition of their parole requiring a financial outlay.

## **Motion to Dismiss**

The defendants have moved to dismiss the complaint on the ground that it challenges "the fact or duration of [Mr. Reed's] confinement" and therefore can be brought only as a habeas corpus action under 28 U.S.C. § 2254 after exhaustion of state court remedies. It cannot, the defendants maintain, proceed as a civil rights action under section 1983.

The underlying merits of the plaintiff's constitutional assertions are not tested by the defendants' motion to dismiss, and the court will not address those issues in this order. The only question presented is whether habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for the claims outlined by the complaint, mandating dismissal. The court finds that it is not the exclusive remedy and that this action may proceed under section 1983.

The Supreme Court has delineated the distinction between complaints related to imprisonment that must be pursued by a petition for habeas corpus and those that may be brought under section 1983. As the Court explained in *Muhammad v. Close,* 540 U.S. 749, 750 (2004):

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriquez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

The Court went on to explain that the distinction is grounded, in part, on the principles enunciated in *Heck v. Humphrey,* 512 U.S. 477 (1994), in which the Court held that:

> [W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

*Id.* (citing *Heck*).

The requirements of *Heck* are not implicated, however, "by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." 540 U.S. at 751. And as the Seventh Circuit has explained, "*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir. 2007).

The exclusivity of habeas corpus as a remedy, if applicable, extends to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons and Paroles Division,* 68 F.3d 122, 123 (5th Cir. 1995) (favorable decision on plaintiff's claims would necessarily call into question the revocation of plaintiff's parole); *see also White v. Gittens,* 121 F.3d 803, 807 (1st Cir. 1997).

With these principles in mind, the court now turns to the complaint in this action.

4

The challenges articulated in Mr. Reed's complaint are not directed to his confinement pending his final revocation hearing, nor do they seek his release from prison or the shortening of his term. Rather, the plaintiff seeks prospective injunctive relief requiring the defendants to inform individuals before they plead guilty or waive their right to preliminary hearing that inability to pay is a complete defense to an allegation that they have failed to comply with a condition of parole requiring a financial outlay. That relief, if awarded,[2] would not cause Mr. Reed to be released or his term to be shortened. The plaintiff's request for an injunction prohibiting the arrest or incarceration of parolees under those circumstances, if granted, also would not affect the fact or duration of Mr. Reed's incarceration.

If a class were ultimately certified in this case, and if the plaintiffs ultimately prevail in their assertion of a constitutional right triggered before a parolee's arrest or incarceration or before a guilty plea or waiver of preliminary hearing, then it is conceivable that an incarcerated person could in the future challenge the *fact* of his confinement as violative of the constitutional right that was established in this litigation. That challenge would likely have to proceed under a habeas petition. But that is not this case: this case does not request that any person be released from confinement. As the Supreme Court has explained, section 1983 "remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) (emphasis in original).

The defendants maintain that the plaintiff's request for an injunction prohibiting arrest or incarceration would have the effect of mandating the plaintiff's immediate release. There are at

---

[2] And, again, the court does not intend to suggest at this time any view on the merits of that request.

least two problems with this argument. First, the plaintiff has made clear that the injunctive relief sought is prospective only. Second, Mr. Reed is not incarcerated, so the requested injunction could not have that effect.[3] Nor does he seek relief based on his past confinement.[4]

Finally, the court notes that if at some point the plaintiff or a class member—notwithstanding the allegations of the complaint and the representations in the plaintiff's response in opposition to the motion to dismiss—asserts a challenge or seeks a form of relief available only by way of habeas petition, the court can simply deny it as beyond the scope of relief available under section 1983. But speculation about that possibility is not a basis for dismissing the complaint.

For the above reasons, the motion to dismiss (Dkt. 9) is DENIED.

## Motion for Class Certification

At the same time he filed his complaint, Mr. Reed filed a Motion for Class Certification (Dkt. 4). The motion was not accompanied by a supporting brief as required by Local Rule 7-1. The court finds no fault in this because, as plaintiff's motion acknowledges, a briefing schedule should be the subject of discussion among counsel and the court based on the need for discovery and other relevant factors. The motion also states, however, that "[a]s soon as an attorney appears on behalf of the defendants, undersigned counsel will confer with counsel for the defendants in an attempt to negotiate a schedule for discovery and briefing related to the present motion. Dkt. 4 at ¶ 9. The court has never been advised of the product of those negotiations, nor

---

[3] The defendants acknowledge in their reply brief (Dkt. 16) that the plaintiff was released the day after this complaint was filed but that the issues presented are argued as if "the facts were frozen at the time the complaint was filed." *Id.* at n. 1. The defendants cite no authority for the proposition this must be so, but more important, this subsequent fact and the fact that the constitutional claims here would never be litigated on a habeas or any other basis during the timeframe alleged in the complaint, illustrate the prospective nature of the relief sought.

[4] *See* Response Brief, Dkt. 11, at p. 14.

have counsel asked the court to set a briefing schedule. Moreover, the briefing of the motion to dismiss evidences some changes in the facts relating to the proposed class representative and some clarification of the relief sought in this case. Those changes may have a bearing on class certification issues. Therefore, the Motion for Class Certification (Dkt. 4) is DENIED WITHOUT PREJUDICE and may be renewed as appropriate by the plaintiff. The court requests the magistrate judge to set this case for an initial pretrial conference to address class certification briefing and other pertinent case management issues.

So ORDERED.

Date:    09/28/2012

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov